FILED:  March 27, 2020
AMENDED:  March 30, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-1614 (L)
(1:19-cv-01103-RDB)
_____

MAYOR AND CITY COUNCIL OF BALTIMORE

　　　　Plaintiff - Appellee

v.

ALEX M. AZAR, II, in his official capacity as the Secretary of Health and Human Services; DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary, Office of Population Affairs; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; OFFICE OF POPULATION AFFAIRS

　　　　Defendants - Appellants

------------------------------

OHIO; ALABAMA; ARKANSAS; INDIANA; KANSAS; LOUISIANA; NEBRASKA; OKLAHOMA; SOUTH CAROLINA; SOUTH DAKOTA; TENNESSEE; TEXAS; UTAH; WEST VIRGINIA

　　　　Amici Supporting Appellant

NEW YORK, NEW YORK CITY HEALTH + HOSPITALS AND 10 LOCAL GOVERNMENTS; NATIONAL HEALTH LAW PROGRAM; ADVOCATES FOR YOUTH; AMERICAN MEDICAL STUDENT ASSOCIATION; AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; COMMUNITY CATALYST; THE ENDOCRINE SOCIETY; FAMILIES USA; IN OUR OWN VOICE: NATIONAL BLACK WOMEN'S REPRODUCTIVE JUSTICE AGENDA; JUVENILE LAW CENTER; THE LEADERSHIP CONFERENCE ON CIVIL AND HUMAN RIGHTS; NATIONAL COUNCIL OF JEWISH

WOMEN; NARAL PRO-CHOICE AMERICA; NATIONAL ABORTION FEDERATION; NATIONAL IMMIGRATION LAW CENTER; NATIONAL INSTITUTE FOR REPRODUCTIVE HEALTH; NATIONAL LATINA INSTITUTE FOR REPRODUCTIVE HEALTH; NATIONAL PARTNERSHIP FOR WOMEN & FAMILIES; NATIONAL WOMEN'S HEALTH NETWORK; NATIONAL WOMEN'S LAW CENTER; NORTHWEST HEALTH LAW ADVOCATES; POSITIVE WOMEN'S NETWORK-USA; POWER TO DECIDE; UNION FOR REFORM JUDAISM; CENTRAL CONFERENCE OF AMERICAN RABBIS; WOMEN OF REFORM JUDAISM; MEN OF REFORM JUDAISM; UNITE FOR REPRODUCTIVE & GENDER EQUITY; WHITMAN-WALKER HEALTH; WOMENHEART; YWCA OF THE USA; NATIONAL CENTER FOR LESBIAN RIGHTS; GLMA: HEALTH PROFESSIONALS ADVANCING LGBT EQUALITY; THE LGBT MOVEMENT ADVANCEMENT PROJECT; NATIONAL LGBTQ TASK FORCE; EQUALITY FEDERATION; SEXUALITY INFORMATION AND EDUCATION COUNCIL OF THE UNITED STATES; FAMILY EQUALITY COUNCIL; THE NATIONAL CENTER FOR TRANSGENDER EQUALITY; HIV MEDICINE ASSOCIATION; GLBTQ LEGAL ADVOCATES & DEFENDERS; LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INCORPORATED; THE HUMAN RIGHTS CAMPAIGN; TRANSGENDER LAW CENTER; BAY AREA LAWYERS FOR INDIVIDUAL FREEDOM; THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW; NATIONAL CENTER FOR YOUTH LAW; AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS; AMERICAN COLLEGE OF PHYSICIANS; SOCIETY FOR ADOLESCENT HEALTH AND MEDICINE; SOCIETY FOR MATERNAL FETAL MEDICINE

       Amici Supporting Appellee

_____

No. 20-1215
(1:19-cv-01103-RDB)
_____

MAYOR AND CITY COUNCIL OF BALTIMORE

       Plaintiff - Appellee

v.

ALEX M. AZAR, II, in his official capacity as the Secretary of Health and Human Services; DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary, Office of Population Affairs; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; OFFICE OF POPULATION AFFAIRS

        Defendants - Appellants

———————————————

O R D E R

———————————————

A majority of judges in regular active service and not disqualified having voted in a requested poll of the court to grant initial hearing en banc,

IT IS ORDERED that initial hearing en banc is granted.

Upon consideration of submissions relative to the motion to consolidate case No. 19-1614 with case No. 20-1215, the court grants the motion. The clerk is directed to set an appropriate expedited supplemental briefing schedule in case No. 20-1215.

The parties shall file a total of 16 paper copies of their briefs and appendices in No. 19-1614 and their supplemental briefs and appendices in No. 20-1215. For previously filed briefs, the additional paper copies shall be filed by April 6, 2020. For the new briefs and appendices, 16 paper copies shall be filed together with the electronic copy.

        For the Court

        /s/ Patricia S. Connor, Clerk

RICHARDSON, Circuit Judge, dissenting from the order denying the motion to stay:

In a sharp break with settled practice, our Court invokes the once-extraordinary mechanism of initial-en-banc review to circumvent our conventional three-judge panel process. We used to place great value in entrusting a panel of our colleagues with first adjudicating the appeal. Doing so not only fostered collegiality but reflected the value of deciding even controversial matters with adherence to a purposeful procedure. We departed from this procedure in only the rarest of extraordinary circumstances. *See Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of an initial hearing en banc). For the past fifty years, we followed this practice through varied administrations and court compositions. Times have changed.

After taking the case from the assigned panel, the en banc Court then denies the government's motion for a stay of the district court's order. That order enjoined an agency rule that amended regulations governing federal grants for preconception family-planning programs. The agency's amendments essentially returned those regulations to the version that the Supreme Court blessed in *Rust v. Sullivan*, 500 U.S. 173 (1991). Even so, the district court found some of the rule's provisions to be "arbitrary and capricious." Having found *some* provisions improper, the court enjoined enforcement of the *entire* rule. And it did so for the *whole* State of Maryland, even though only the City of Baltimore sued. I would grant the motion

for a stay, particularly as the district court's injunction applies to provisions never held to be unlawful and is geographically broader than necessary.